*Filed Electronically*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| KENNETH WADKINS                                    ) | |
|                                                    ) | |
| V.                                                 ) | |
|                                                    ) | |
| KRISTYN KLINGSHIRN, DEFENDANT                      ) | CASE NO. _____ |
|     SERVE:    Kristyn Klingshirn                    ) | |
|               Lexington Police Dept.               ) | JURY TRIAL DEMANDED |
|               150 East Main Street                 ) | |
|               Lexington, KY 40507                  ) | |
|                                                    ) | |
|                                                    ) | |
|                                                    ) | |

## COMPLAINT FOR A CIVIL CASE

Comes now the Plaintiff, Kenneth Wadkins, by and through the undersigned counsel, and for his Complaint against the Defendant, Kristyn Klingshirn, states as follows:

## NATURE OF THE CLAIMS

This is an action for monetary damages, to redress the unreasonable criminal prosecution of the Plaintiff for a murder that he did not commit, which prosecution was initiated by the Defendant despite a lack of probable cause.

## PARTIES

1) At all times pertinent hereto, the Plaintiff, Kenneth Wadkins (hereinafter also referred to as "Plaintiff"), was a citizen and resident of Lexington, Fayette County, Kentucky.

2) At all times material hereto, the Defendant, Kristyn Klingshirn, was employed as a detective with the Lexington Police Department, employed by the Lexington-Fayette Urban County Government, and was acting within the scope of her employment.

## JURISDICTION AND VENUE

3) This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

5) Venue is proper under 28 U.S.C. § 1391(b) as Mr. Wadkins currently resides within this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

6) In a Criminal Complaint filed with the Fayette District Court on October 21, 2021, Defendant alleged that Plaintiff had committed the murder of Wesley Brown on January 21, 2021.

7) In the Criminal Complaint, Defendant alleged that a "cooperating witness" had identified Plaintiff as the person who committed the murder; that she had received anonymous "Crime Stoppers" tips identifying Plaintiff as the person who committed the murder (by referencing the street-name, "Ghost"); that the "cooperating witness" had provided details of the incident which were corroborated by evidence at the scene of the murder; and, that location data from an electronic device placed Plaintiff at the scene of the murder.

8) Based solely on the Criminal Complaint, an arrest warrant was issued for Plaintiff.

9) Plaintiff was arrested, by an officer of the Lexington Police Department, on April 8, 2022, pursuant to the warrant, which was based on the Criminal Complaint sworn to by Defendant on October 21, 2021.

10) Plaintiff was charged with the murder of Wesley Brown on October 21, 2021.

11) Plaintiff was in fact, innocent of the murder of Wesley Brown.

12) The "cooperating witness" referred to in the Criminal Complaint of October 21, 2021, was Buford Lee Lyvers, Jr.

13) Buford Lee Lyvers, Jr., was well-known to the Lexington Police Department, due to his history of prior criminal charges in Fayette County, including multiple felonies, dating back to at least 1993.

14) Defendant omitted from her Criminal Complaint of October 21, 2021, material facts known to her which cast doubt on the existence of probable cause that Plaintiff was, in fact, the person who committed the murder of Wesley Brown.

15) The said material facts omitted by Defendant, from her Criminal Complaint of October 21, 2021, included, but were not limited to, the following:

a) The "cooperating witness" who had identified Plaintiff as the murderer, Buford Lee Lyvers, Jr., was, at the time he came forward with information, facing possible revocation of his probation stemming from his guilty plea to felony drug charges;

b) That Mr. Lyvers had sought favorable treatment in relation to his own criminal liability in exchange for the information he provided;

c) That the only alleged evidence which corroborated the identification made by Mr. Lyvers consisted of other anonymous Crime Stoppers tips, as well as evidence suggesting that Plaintiff's mobile phone was reflected as having pinged in the area of the murder;

d) That she had no idea how many other people in Lexington were known to go by the street-name, "Ghost," or if that street-name was even a common one used by other inividuals;

3

e)  That the results of electronic search warrants indicated that multiple other mobile phones were reflected as having pinged in the area of the murder; and,

f)  That she was unaware if Mr. Lyvers had identified any other individuals who were allegedly present at the scene of the murder;

16) Plaintiff was jailed on April 8, 2022, following his arrest.

17) Plaintiff's charges were presented to a Fayette County Grand Jury on June 13, 2022; and, said Grand Jury declined to indict Plaintiff on any charge related to the death of Wesley Brown.

18) The charge against Plaintiff was dismissed on June 13, 2022; and, he was released from custody on June 14, 2022.

19) Plaintiff has, before instituting this action, through counsel and/or counsel's agents, attempted to obtain from the Lexington Police Department, records establishing some of the facts alleged herein, together with all other information which was known to Defendant as of October 21, 2021.

20) The Lexington Police Department has refused to release the information sought, pursuant to exemptions claimed under KRS 61.878(1).

21) Plaintiff has reason to believe that such information, once produced by the Lexington Police Department during discovery in this matter, will not only tend to establish the facts alleged herein, but will also tend to establish the lack of probable cause for Plaintiff's arrest and prosecution.

## CAUSE OF ACTION
## (MALICIOUS PROSECUTION)

22) Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

23) Plaintiff had a clearly established right, under the Fourth Amendment to the U.S. Constitution, to be free from malicious prosecution, or unreasonable prosecutorial seizure.

24) As described more fully above, Defendant, while acting individually as well as under color of law, and within the scope of her employment, deprived Plaintiff of his constitutional right to be free from malicious prosecution and continued detention without probable cause.

25) A criminal prosecution was initiated against Plaintiff, and Defendant made, influenced, or participated in the decision to prosecute Plaintiff as alleged hereinabove.

26) There was a lack of probable cause for the criminal prosecution, in that Defendant did not have an objectively reasonable basis for believing that the facts alleged in her Criminal Complaint were sufficient to establish probable cause.

27) Plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from his initial seizure.

28) The criminal proceeding was resolved in the plaintiff's favor.

29) As a direct, legal, and proximate result of Defendant's actions, Plaintiff has sustained economic and non-economic injuries, resulting in damages in an amount to be proven at trial.

## VERIFICATION

I, KENNETH WADKINS, Plaintiff herein, verify, under penalty of perjury, that I have reviewed the foregoing, and that the statements contained herein are true and correct, to the best of my knowledge and belief.

_____
KENNETH WADKINS, PLAINTIFF

COMMONWEALTH OF KENTUCKY
COUNTY OF FAYETTE

Subscribed, sworn to, and acknowledged before me, the undersigned Notary Public for the state and county aforesaid, this the 12th day of June, 2023, by KENNETH WADKINS.

_____
Notary Public, State-at-Large, KY

My commission expires: 8-6-2025. Notary ID #: KYNP34647



## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. An award of damages, in an amount to be determined at trial, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, unreasonable incarceration, and any other emotional or mental injuries as allowed by law;

B. An award of punitive damages;

C. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

D. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 12, 2023

Respectfully Submitted:

/s/Daniel E. Whitley, Sr.          .
DANIEL E. WHITLEY, SR.
(KBA #94003)
WHITLEY LAW OFFICE PLLC
201 E. Main St., Ste. 510
LEXINGTON, KY 40507
Phone: (859) 309-2648
daniel@whitleylawoffice.com
COUNSEL FOR PLAINTIFF

7