UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KENNETH WADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00175-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KRISTYN KLINGSHIRN, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

In 2022, Kenneth Wadkins was arrested for murder.  A grand jury refused to indict, and the charges against him were dropped.  Mr. Wadkins asserts that Detective Klingshirn violated his Fourth Amendment right to be free from malicious prosecution.  Now, Detective Klingshirn moves to dismiss the action on the grounds of preclusion and waiver.  For the following reasons, Defendant's Motion to Dismiss **[R. 5]** is **DENIED.**

**I**

On January 21, 2021, Wesley Brown was murdered.[1]  [R. 1 at 2.]  Nine months later, Defendant Klingshirn filed a Criminal Complaint against Mr. Wadkins in Fayette District Court.  *Id.*  That Complaint alleged five things: (1) that a witness identified Mr. Wadkins as Wesley Brown's murderer; (2) that the witness's details were supported by evidence at the scene; (3) that "Crime Stoppers" tips identified the murderer as someone named "Ghost"; (4) that Mr. Wadkins's street name is "Ghost"; and (5) "that location data from an electronic device placed [Mr. Wadkins] at the scene of the murder."  *Id.*  Based on the Complaint, an arrest warrant issued

---

[1] The facts recounted here are taken from Plaintiff's Complaint.  [R. 1.]  At the 12(b)(6) stage, the Court presumes their truth while making reasonable inferences in Plaintiff's favor.

for Mr. Wadkins. *Id.*  Following his arrest, Plaintiff Wadkins spent approximately two months in jail. *Id.* at 4.  After a grandy jury declined to indict, Mr. Wadkins was released and the charges against him were dropped. *Id.*  Mr. Wadkins maintains that he is "innocent of the murder of Wesley Brown." *Id.* at 2.  He contends that Detective Klingshirn flouted the Fourth Amendment when she sought to prosecute him maliciously without probable cause.  *See* 42 U.S.C. § 1983. Now, Detective Klingshirn asserts that Mr. Wadkins fails to state a claim.  [R. 5.]

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint.  In reviewing a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### A

As a threshold matter, Defendant Klingshirn asks the Court to consider state court records and a video of a preliminary hearing attached to Defendant's Motion to Dismiss.  [R. 5 at 1–4]; [R. 5-1]; [R. 7.]  "In reviewing a motion to dismiss, the Court 'may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018).

Accordingly, this Court may take judicial notice of the court documents and video of the preliminary hearing. *See id.*; *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008); *Clark v. Stone*, 998 F.3d 287, 297 (6th Cir. 2021) (district court appropriately considered video of family court hearing on motion to dismiss review). But the video of the preliminary hearing is not necessary to properly resolve Defendant's arguments. Hence, the Court will consider the documents provided; but it declines to view the video since it is irrelevant to the issues presented.

### B

42 U.S.C. § 1983 provides a mechanism for a malicious prosecution plaintiff to seek relief from the responsible government actors. *See, e.g.*, *Caskey v. Fenton*, No. 22-3100, 2022 WL 16964963, at *2 (6th Cir. Nov. 16, 2022). To prevail, the § 1983 plaintiff must prove "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory*, 220 F.3d at 441. "[S]ection [1983] is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S.

137, 144 n.3 (1979).  Accordingly, a § 1983 inquiry necessarily begins by "isolat[ing] the precise constitutional violation" at issue.  *Id.* at 140.

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'"  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)).  The Fourth Amendment malicious prosecution plaintiff must show (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant ma[d]e, influence[d], or participate[d] in the decision to prosecute[;]" (2) that the prosecution was not based on probable cause; (3) that the plaintiff was deprived of his liberty as a result of the prosecution; and (4) that the criminal proceeding was ultimately resolved in favor of the plaintiff.  *Id.* at 308–09 (internal citations omitted).

Defendant Klingshirn contends that Mr. Wadkins fails to state a claim because the Fayette District Court's finding of probable cause at the preliminary hearing is preclusive.  [R. 5 at 4–5.] Alternatively, she argues, Mr. Wadkins waived any objection to probable cause.  *Id.* at 6. Defendant's Motion fails on both points.

**1**

First, Defendant's preclusion argument is foreclosed by precedent to the contrary.

**a**

"[I]ssues actually litigated in a state-court proceeding are entitled to preclusive effect in a subsequent federal § 1983 suit to the extent provided by the law of preclusion in the state where the judgment was rendered."  *Donovan v. Thames*, 105 F.3d 291, 293–94 (6th Cir. 1997) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)); *see also Haring v. Prosise*, 462 U.S. 306, 313–14 (1983). "Kentucky courts recognize a rebuttable presumption of probable cause based on a preliminary-

4

hearing finding or a grand-jury indictment."  *Hoskins v. Knox Cnty.*, No. 6:17-CV-84-REW-HAI, 2020 WL 1442668, at *41 (E.D. Ky. Mar. 23, 2020); *see also Craycroft v. Pippin*, 245 S.W.3d 804, 806–07 (Ky. Ct. App. 2008) ("[A] prior finding of probable cause at a preliminary hearing merely raises a rebuttable presumption that probable cause exists in the defense of a malicious prosecution action.").  Thus, assuming probable cause was actually litigated in the preliminary hearing, the probable cause finding merely generates a presumption.  *Id.*[2]  Such a presumption, if applicable, would not be grounds for 12(b)(6) dismissal.

**b**

In any event, that presumption is inapposite here.  Plaintiff Wadkins correctly points out that an unappealable judgment is not preclusive.[3]

The Sixth Circuit has counseled against applying preclusion in connection with an unappealable finding of probable cause.  *Bradley v. Reno*, 749 F.3d 553, 556 (6th Cir. 2014) ("An unappealable order, generally speaking, does not bind later efforts to resolve the issue, a rule that bears the stamp of the National Supreme Court, the Restatement of Judgments and the leading treatises."); *see also Jones v. City of Elyria*, 947 F.3d 905, 915 (6th Cir. 2020).  Notwithstanding this general imperative, the preclusive effect of an unappealable probable cause finding ultimately "turns on [state] law[.]"  *Bradley*, 749 F.3d at 556.  Plaintiff does not provide Kentucky authority on preclusion in connection with unappealable judgments.

---

[2] Further, the Supreme Court has already "considered and rejected the argument that either a judge's finding of probable cause or 'a grand jury indictment or preliminary examination' forecloses a Fourth Amendment claim arising from unlawful pretrial detention."  *King v. Harwood*, 852 F.3d 568, 588 (6th Cir. 2017) (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 369 n.8 (2017)).

[3] According to Mr. Wadkins, he never had the chance to appeal the probable cause determination because he was not indicted or convicted.  [R. 8 at 6–7.]  Defendant does not contest this assertion, and the Court sees no reason to doubt it.  *See Flynt v. Commonwealth*, 105 S.W.3d 415, 422 (Ky. 2003) ("[W]e have consistently found that traditional appellate review of allegations of error in felony cases constitute an adequate remedy[.]"); *see also id.* at 422 n.19 (collecting cases).

Nevertheless, this Court's review of Kentucky law suggests that Kentucky courts would not depart from the longstanding interdiction on preclusion in the context of unappealable orders. Indeed, Kentucky's highest court has expressed acceptance of this principle, albeit in *dicta*.  *See Am. Car & Foundry Co. v. James*, 129 S.W. 564, 566 (Ky. 1910) (surmising that an unappealable judgment should not be given preclusive effect).

In addition, the Court of Appeals of Kentucky has expressed approval of the Restatement (Second) of Judgments §§ 28–29, which catalogue established exceptions to preclusion.  *See Revenue Cabinet v. Samani*, 757 S.W.2d 199, 202 (Ky. Ct. App. 1988) (citing § 28 approvingly and refusing to enforce preclusion when one of the § 29 exceptions applied).  This is important because § 28 lists unappealable judgments as an exception to preclusion.  *See* Restatement (Second) of Judgments § 28 (Am. L. Inst. 1982) ("[R]elitigation of the issue in a subsequent action between the parties is not precluded [when] [t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action[.]"); *see also Bradley*, 749 F.3d at 557 ("The State's courts have often looked to the Restatement when solving new problems in the law of judgments. . . . Why would state judges who have consulted the Restatement when answering related questions strike out on their own when answering today's question?").

Finally, the Court of Appeals of Kentucky has noted that a district court's finding of probable cause should not be binding in subsequent circuit court proceedings because district courts do not have jurisdiction to finally dispose of a felony case.  *Waugh v. Commonwealth*, 605 S.W.2d 43, 45 (Ky. Ct. App. 1980).  Collectively, these insights from the Kentucky courts militate against preclusion in this context.

Moreover, this Court agrees with Mr. Wadkins that the Fayette District Court's probable cause finding has no preclusive effect in this malicious prosecution action.[4]  *See Bradley*, 749 F.3d at 557–59 (declining to give a probable cause determination preclusive effect when the defendant was acquitted and therefore had no ability to appeal); *see also id.* at 556 (noting that "[a] system that gives unappealable trial court rulings preclusive effect treats acquitted defendants worse than convicted ones.").  But even if it did, it would generate only a rebuttable presumption.  Accordingly, a 12(b)(6) dismissal on the basis of preclusion would be inappropriate here.

**2**

Next, Defendant Klingshirn asserts that Mr. Wadkins waived any objection to probable cause when he failed to contest it at the preliminary hearing.  [R. 5 at 6.]  Again, this argument fails.

The reason for this is straightforward: the court need not address the minutiae of the waiver issue because waiver is not dispositive at the 12(b)(6) stage.  This is evident because even if Mr. Wadkins had waived the preliminary hearing entirely, that fact would not merit 12(b)(6) dismissal.  *See Seaboard Oil Co. v. Cunningham*, 51 F.2d 321, 322 (5th Cir. 1931), *cert. denied*, 284 U.S. 657 (1931) ("Nor does the allegation that the appellee waived preliminary examination and was committed for trial destroy the general averment [of malicious prosecution].  That fact would be merely prima facie evidence of probable cause."); 54 C.J.S. *Malicious Prosecution* § 46 (2024) ("The waiver of a preliminary examination by a person charged with a crime is prima

---

[4] Defendant also suggests in passing that the District Judge's issuance of an arrest warrant might be preclusive here. But the authority cited by the Defendant has to do with preliminary hearings specifically.  In any event, the Court cannot see why its reasoning on preclusion with respect to the preliminary hearing would not also apply to the issuance of an arrest warrant.

facie evidence of probable cause and is the same as if the accused had been committed following an evidentiary hearing or investigation.").  The Court therefore declines to dismiss the action on the grounds of waiver.

III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion to Dismiss **[R. 5]** is **DENIED**.


This the 17th day of March, 2024.


Gregory F. Van Tatenhove
United States District Judge

8