UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KENNETH WADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00175-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KRISTYN KLINGSHIRN, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Klingshirn's Motion to Strike the Plaintiff's Response to her Motion for Summary Judgment. [R. 38.] She states that the Plaintiff's motion inappropriately circumvented the Local Rule's 25-page limit by including multiple pages of single-spaced text. *Id.* In particular, she notes that "Plaintiff's use of single-spaced text begins on page 3 and then extends more fully from page 4 through page 10. Plaintiff continues with this formatting again on pages 12, 15, 16, 18, 19, and 22, taking up part of or all of those pages with single spacing." *Id.* If properly formatted, she notes, Plaintiff's response would exceed the 25-page limit provided in the Local Rules. See LR 7.1(d); LR 5.2.

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015). Moreover, "[a] court acts within its discretion when it strikes a filing for, inter alia, untimeliness or a failure to comply with the local rules." *Schilling Foods, LLC v. First Data Corp.*, No. 2:18-CV-2320-MSN-CGC, 2021 WL 5161908, at *1 (W.D. Tenn. Aug. 30, 2021). The Court agrees that the filing likely violated the Local Rules through the use of numerous single-spaced paragraphs. However, the Court does not find that the

violation is so serious as to warrant striking the filing from the record. *See id.* at *2 ("Although Plaintiff arguably did not comply with the Local Rules when filing its Reconsideration Motion, given the brevity of the portion of the Court's Order for which Plaintiff sought reconsideration, the Court finds striking the Reconsideration Motion as a sanction is not appropriate."). Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion to Strike **[R. 38]** is **DENIED.**

This the 26th day of August, 2025.

Gregory F. Van Tatenhove
United States District Judge